UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL F.,

                Plaintiff,

     v.                                         **DECISION AND ORDER**
                                                      18-CV-286S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Plaintiff Daniel F.[1] is a prevailing party in this social security benefits action. Presently before this Court is Plaintiff's counsel's timely[2] Motion for Attorney Fees under 42 U.S.C. § 406 (b)(1)(A). (Docket No. 23.) Defendant does not oppose the motion. (Docket No. 25.)

Forty-two U.S.C. § 406 (b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for

---

1 In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

2 The United States Court of Appeals for the Second Circuit has clarified that § 406 (b) motions must be filed within 14 days (plus three days for mailing) after the claimant receives notice of the Commissioner's favorable award on remand, consistent with Rule 54 (d)(2)(B) of the Federal Rules of Civil Procedure and equitable tolling principles.  See Sinkler v. Berryhill, 932 F.3d 83, 86 (2d Cir. 2019); see also Rule 5.5 (g)(1) of the Local Rules of Civil Procedure for the Western District of New York.

> payment for such representation except as provided in this paragraph.

The Social Security Administration awarded Plaintiff past-due benefits by letter dated September 5, 2022. (Docket No. 23-3.) The agency withheld $18,383 for attorney fees, representing 25% of the past-due benefits. Id. Plaintiff's counsel seeks $18,383 in attorney fees, consistent with the contingent-fee agreement that provides for attorney fees not to exceed 25% of any recovery. (Docket No. 23-4.)

Having thoroughly reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 808, 1122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). Moreover, there is no indication that this fee is a windfall. Id. Plaintiff's counsel's $18,383 fee request is therefore granted under 42 U.S.C. § 406 (b)(1)(A).

By stipulation approved and ordered in this case on January 17, 2020 (Docket No. 22), Plaintiff's counsel received $5,626.06 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). (Docket No. 21.) Because the fee granted herein exceeds the EAJA fee, Plaintiff's counsel must refund the $5,626.06 EAJA fee to Plaintiff. See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988).

IT HEREBY IS ORDERED, that counsel's Motion for Attorney Fees in the amount of $18,383 under 42 U.S.C. § 406 (b)(1)(A) (Docket No. 23) is GRANTED.

FURTHER, that Plaintiff's counsel is directed to refund to Plaintiff the $5,626.06 EAJA award within 14 days after receiving the § 406 (b) award.

SO ORDERED.

Dated: October 20, 2022
       Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
